The opinion of the court was delivered by
McBnery, J.
The defendant appeals from a conviction by the First Recorder’s Court of the City of New Orleans for a violation of Ordinance No. 4197, adopted January 2, 1890. For two distinct and separate violations of the ordinance he was for each violation sentenced to pay a fine of $25, or thirty days’ imprisonment.
The ordinance is as follows:
Whereas, The custom of permitting smoking in the street cars of this city is a most vile and objectionable one to the majority of our *485 citizens, especially to the ladies, who are entitled to that courtesy and consideration due to their sex; .and
Whereas, This alone of all the cities of the Union allows such a discomfort to those of its citizens who ride in the public cars; be it
Resolved, That from and after the promulgation of this ordinance, that smoking in any street car of .this city is hereby prohibited and • shall hereafter be considered as a misdemeanor, and any one so offending, or any driver of a street ear who permits such an offence, shall be fined not less than $5 nor more than $25, or imprisoned not less than five days or more than thirty days, recoverable by the Recorder of the district in which the offence shall be committed. And be it further
Resolved, That one-half of any money thus recovered shall be the property of the party giving such information and testimony to the Recorder as will lead to the conviction of the offender; be it further
Resolved, That all laws or parts of laws in conflict with the above be and the same are hereby repealed.
Adopted by the Council of the City of New Orleans, January 2, 1890.
The defence is:
1. The unconstitutionality of the ordinance.
2. That the City of New Orleans is without power or authority under her charter to pass such an ordinance.
8. That the ordinance in question is vague, indefinite and insufficient in its terms, and does not define what acts shall constitute a violation or infringement.
4. That it imposes upon the drivers of street ears duties and functions beyond, the powers of the Common Council.
The ordinance does not deprive the defendant of personal liberty nor does it invade any right of private property.
Smoking is not made an offence, but it is prohibited only in a certain designated place.
The third and fourth grounds are without merit. The ordinance makes it specifically an offence to smoke in a street car. The street car drivers- and the car companies are not complaining of the ordinance.
2. The several street railroad companies have adopted the above ordinance as a part of their regulations, and prohibited smoking in *486 all their cars immediately after the passage of the ordinance. When the defendant entered the car there was conspicuously displayed a card notifying him that smoking was prohibited in that. particular car.
A nuisance belongs to “that class of wrongs that arise from the unreasonable, unwarrantable or unlawful use by a person of his own property, either real or personal, or from his own improper, indecent or unlawful personal conduct, working an obstruction of or to the right of another or of the public, and producing such material annoyance, inconvenience or discomfort or hurt that the law will presume a consequent damage.” Woods on Nuisance.
There is no doubt of the fact that smoking in the street cars in the City of New Orleans had caused to the great majority of people using them material annoyance, inconvenience and discomfort. This is particularly so in the' winter' season when the cars are closed. There is not only discomfort, but positive danger to health from the contaminated air. The record establishes these facts.
Smoking in itself is not to be condemned for any reason of public policy. It is agreeable and pleasant, almost indispensable to those who have acquired the habit, but it is distasteful and offensive, and sometimes hurtful to those who are compelled to breathe the atmosphere impregnated with tobacco in close and confined places.
There are many other habits in manners and conduct which in some localities and places are not objectionable to the public, but when committed elsewhere may become offensive and the subject of penal municipal legislation. Smoking may be classed among these subjects of legislation by the municipal corporation.
The police power delegated to the Oity of New Orleans in its charter gives ample authority to the city to maintain its cleanness and health, to maintain good sanitary conditions in the streets, public places and buildings, to suppress all nuisances and to impose a fine and imprisoment for the violation of ordinances created in pursuance of this' delegated power. Sec. 7, Act 20 of 1882.
The authority to abate nuisances is a part of the police power vested in all large and populous cities. To’ determine what is a nuisance is a question of fact.
The Oity Council of New Orleans is to a limited extent clothed with legislative authority and it is vested with that discretion, within its powers, common to all legislative bodies.
*487 Within the exercise of this legislative discretion, it has the authority to determine what is a nuisance, and to enact the necessary •ordinances to suppress it. Kennedy vs. Phelps, 10 An. 227; Oity of Monroe vs. Gersparch, 38 An. 1011.
Much is therefore left to the discretion of the municipal corporation in determining what is a nuisance, and the discretion thus exercised will not be judicially interfered with unless the corporation has been manifestly unreasonable and oppressive, invaded private rights and transcended the power granted to it. Dillon Mun. Oor., .Sec. 379.
In the instant case no private right, either of person or of property, has been violated or invaded. The Oity Oouncil in passing the ordinance did not transcend its powers. It had authority under Section 7 of the charter to provide for the public health. It can therefore require in public places, theaters, halls, etc., that there shall be ventilation for a supply of fresh and pure air; and in order to preserve the public peace, order and health, and under its general police authority in said Section 7, it can compel the owner of public halls and theaters to provide means to prevent fires and to supply fire escapes in case of fire. And in pursuance of the same power it can, in order to preserve pure and fresh air in crowded halls, and to prevent fire, prohibit smoking in the same.
The same authority and the same reasons apply in the prohibition of smoking in street railway cars.
It is as essential to health and to comfort to have pure air in them as in any other crowded place.
The facts in the case of State vs. Bright, 38 An. 1, have no application to this case. The former involved the question of the power of the city to punish a property owner for not keeping his sidewalk clean and in repair. This court decided that there was no authority for the city to declare the failure to raise and repair the sidewalks a misdemeanor, and fix a penalty to the same, as there was an absence of such authority in Section 7 of the charter.
The Oity Oouncil had ample authority under Section 7 of the charter to enact the ordinance under which the defendant was convicted.
Judgment affirmed.